THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
EVAN J. DAVIS (CA Bar No. 250484)
Assistant United States Attorney
    Room 7211, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California  90012
    Telephone:   (213) 894-4850
    Facsimile:   (213) 894-0115

GRAYSON A. HOFFMAN (VA Bar No. 73726)
Trial Attorney, Tax Division
U.S. Department of Justice
    Post Office Box 7238
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-2904
    Facsimile: (202) 514-6770

Attorneys for the United States of America,
Petitioner

COPY

FILED
CLERK U.S. DISTRICT COURT
MAR - 6 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **CV08-01629** (JWJx) |
| Petitioner, | **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF** |
| v. | |
| DAVID CHAMPION, | |
| Respondent. | |

### PETITION

Petitioner alleges and petitions as follows:

1.   This action for judicial enforcement of an Internal Revenue Service summons is brought pursuant to Internal Revenue Code (26 U.S.C.) (IRC) §§ 7402(b) and 7604(a). The IRS properly served Respondent with a summons, and Respondent has failed to produce the summoned documents and to appear and give testimony.

2. Respondent David Champion resides in Palmdale, California, within the federal judicial district of the Central District of California.

3. The Internal Revenue Service is, and at all relevant times was, conducting an investigation to determine whether Champion is promoting an abusive scheme, whether penalties may be appropriate against Champion pursuant to I.R.C. §§ 6694, 6695, 6700, and/or 6701 for any period, including the tax years ending December 31, 1999 through the date of compliance with the summons, and whether there are others who are liable for federal taxes (or penalties) whom Champion has aided or abetted in evading taxes. A true and correct copy of the summons is attached hereto as Exhibit 1 to the attached Declaration of Revenue Agent Thomas Cheung.

4. In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service. A true and correct copy of the Certificate of Service is attached hereto as Exhibit 2 to the attached Declaration of Revenue Agent Thomas Cheung.

5. Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition. Indeed, respondent has failed in any way to communicate with the IRS about the summons.

6. The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7. All administrative steps required by the Internal

1844342.1

1  Revenue Code in connection with the issuance and service of the
2  IRS summons have been taken.
3      8.   The testimony and the books, records, papers, and other
4  data sought by the IRS summons are necessary in order to properly
5  pursue and complete the investigation.
6      9.   No recommendation for criminal prosecution of the
7  taxpayer has been made by the IRS to the United States Department
8  of Justice.  In addition, no Department of Justice referral, as
9  described in 26 U.S.C. § 7602(c), is in effect with respect to
10 the taxpayer.
11     **WHEREFORE**, Petitioner prays for the enforcement of the
12 subject Internal Revenue Service summons as follows:
13     A.   That Respondent be ordered to appear and show cause
14 before this Court why Respondent should not be compelled to give
15 testimony and to produce the books, records, papers, and other
16 data as required by the subject Internal Revenue Service summons;
17     B.   That Respondent be ordered by this Court to appear
18 before an authorized representative of the Internal Revenue
19 Service at a time and place to be determined by the Internal
20 Revenue Service and to give testimony and to produce the books,
21 records, papers, and other data pertaining to the subjects set
22 forth in the summons, but not directly relating to Respondent's
23 radio show, www.americanradioshow.us, for examination and copying
24 as required by the Internal Revenue Service summons; and

1844342.1

C. That the Court grant the Petitioner its costs in this proceeding and such other and further relief as may be just and proper.

                                      Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
EVAN J. DAVIS
Assistant United States Attorney

DATED: 3/4/08

GRAYSON A. HOFFMAN
Trial Attorney, Tax Division
Attorneys for the United States
of America, Petitioner

1844342.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Section 7602(a) of the Internal Revenue Code, 26 U.S.C., ("IRC"), grants the Internal Revenue Service ("IRS") the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized --
>
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2) To summon the person liable for tax or required to perform the act . . . to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

See also Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999); United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).

IRC §§ 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses. <u>United States v. Gilleran</u>, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement is only by federal court authority in an 'adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" <u>United States v. Church of Scientology of California</u>, 520 F.2d 818, 821 (9th Cir. 1975), <u>quoting</u> <u>Donaldson v. United States</u>, 400 U.S. 517, 525 (1971).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process. <u>United States v. Powell</u>, 379 U.S. 48, 58 (1964). Such an abuse would occur if the summons were issued for an improper purpose, such as, for example, to harass the taxpayer. <u>Id.</u>; <u>United States v. Stuart</u>, 489 U.S. 353, 360 (1989). Accordingly, to obtain enforcement of an IRS summons, the government is required to make a *prima facie* case for enforcement of the summons. <u>Powell</u>, 379 U.S. at 57-58; <u>Gilleran</u>, 992 F.2d at 233.

In order to establish a *prima facie* case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the IRC have been followed. <u>Crystal</u>, 172 F.3d at 1144, <u>citing</u> <u>Powell</u>, 379 U.S. at 57-58. The government's "burden is minimal

1 'because the statute must be read broadly in order to ensure that
2 the enforcement powers of the IRS are not unduly restricted.'"
3 <u>Crystal</u>, 172 F.3d at 1144, quoting <u>Liberty Financial Services v.</u>
4 <u>United States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985). The burden
5 of challenging the summons rests with the party summoned or the
6 intervening party. <u>United States v. Stuckey</u>, 646 F.2d 1369, 1372
7 (9th Cir. 1981), <u>cert. denied sub nom.</u>, <u>Weinstein v. United</u>
8 <u>States</u>, 455 U.S. 942 (1982).
9     Normally, the government makes the "good faith" showing of
10 materiality and relevancy required by <u>Powell</u> in the petition to
11 enforce the summons and the accompanying declaration of the
12 issuing IRS agent. <u>Crystal</u>, 172 F.3d at 1144, <u>quoting</u> <u>United</u>
13 <u>States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993).
14     As to the showing of relevance, the Supreme Court stated in
15 <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 814 (1984):
16     As the language of § 7602 clearly indicates an IRS
17     summons is not to be judged by the relevance standards
18     used in deciding whether to admit evidence in federal
19     court. <u>Cf.</u> Fed. Rule Evid. 401. The language "may be"
20     reflects Congress' express intention to allow the IRS to
21     obtain items of even <u>potential</u> relevance to an ongoing
22     investigation without reference to its admissibility.
23     The purpose of Congress is obvious: the Service can
24     hardly be expected to know whether such data will in fact
25     be relevant until it is procured and scrutinized. As a
26     tool of discovery, the § 7602 summons is critical to the
27     investigation and enforcement functions of the IRS, see
28     <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964);

> the Service therefore should not be required to establish
> that the documents it seeks are actually relevant in any
> technical, evidentiary sense.

(Emphasis in original). All that must be shown is that the summoned documents may shed light on the tax liabilities at issue. <u>United States v. Ryan</u>, 455 F.2d 728, 733 (9th Cir. 1972).

Here, the IRS is investigating whether Champion is promoting an abusive scheme for which penalties may be appropriate, and whether there are others who are liable for federal taxes (or penalties) whom Champion has assisted in evading taxes. Specifically, it appears from the IRS's investigation that Champion frivolously claims that United States citizens do not need to pay federal income taxes unless they voluntarily change themselves from "nontaxpayers" to "taxpayers," and he advertises his services in assisting taxpayers in being "nontaxpayers." The IRS, therefore, seeks to determine whether Champion has assisted others in frivolously evading income taxes through this scheme.

In furtherance of that goal, the summons (attached to the Cheung Declaration as Exhibit 1) seeks various documents that may be relevant to the investigation. For example, the summons seeks information identifying Champion's clients, a term specifically defined to include only those who have hired him to perform tax-related services, including those who claim Champion helped them to evade taxes. This information is clearly relevant to determine whether Champion has engaged in conduct subject to penalty under 26 U.S.C. § 6700 by making false statements of the type specified in § 6700, or assisted others in evading taxes. Similarly, the summons seeks information related to entities

1844342.1

and/or services through which Champion operates, which will assist the IRS in determining the breadth and scope of Champion's possible penalty conduct. The summons also seeks any promotional material Champion uses, as well as documents through which he has implemented his scheme, information necessary for the IRS to determine if penalties under I.R.C. § 6700 are appropriate. See Cheung Declaration ¶¶ 11-13. In sum, the summons seeks information relevant to the valid purposes for which the IRS has undertaken an investigation.[1]

"Once the Government has established its *prima facie* case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons to "refute the Government's Powell showing of good faith to oppose successfully the enforcement of an IRS summons." Id. at 1346; see also Crystal, 172 F.3d at 1144. "The taxpayer [or summoned party] may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process."

---

[1] The summons, and the Declaration describing that summons, state that the tax periods in question are tax years 1999-2005. Strictly speaking, this is not entirely accurate, as § 6700 penalties, potential assessment of which is at least one purpose for the investigation here, are based on "specific acts and transactions rather than any discrete time period." See Sage v. United States, 908 F.2d 18, 22 (5th Cir.1990). This slight inconsistency in no way affects the validity of the summons, which as explained above meets the required Powell factors.

1844342.1

1  Gilleran, 992 F.2d at 233; see also Crystal, 172 F.2d at 1144.
2  "The taxpayer [or summoned party], however, carries a heavy
3  burden of convincing the district court to deny enforcement."
4  Stuckey, 646 F.2d at 1372; accord Crystal, 172 F.3d at 1144.
5      "'[S]ummons enforcement proceedings should be summary in
6  nature and discovery should be limited.'" Derr, 968 F.2d at 945,
7  quoting Stuart, 489 U.S. at 369 quoting S. Rep. No. 97-494, 97th
8  Cong. 2d Sess., vol. 1, 285 (1982).[2/] In Donaldson, 400 U.S. at
9  527-29, the Supreme Court noted that Federal Rule of Civil
10 Procedure 81(a)(3) allows the Court to limit the application of the
11 federal rules in summons enforcement proceedings and, in keeping
12 with the summary nature of these proceedings, the show cause order
13 is an appropriate tool to place the burden of proof on the summoned
14 party after the government's *prima facie* case has been made.
15 Church of Scientology, 520 F.2d at 821; Gilleran, 992 F.2d at 233.
16     "'The taxpayer must allege specific facts and evidence to
17 support his allegations' of bad faith or improper purpose."
18 Crystal, 172 F.3d at 1144, quoting United States v. Jose,

---

[2/] The Fifth Circuit has also discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." Powell, (note 17, supra). In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principal means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

131 F.3d 1325, 1328 (9th Cir. 1997) and <u>Liberty Financial Services</u>, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." <u>Stuckey</u>, 646 F.2d at 1372.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts,³/ the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned information. <u>Liberty Financial Services</u>, 778 F.2d at 1392-93; <u>Stuckey</u>, 646 F.2d at 1372-76. "Enforcement of a summons is generally a summary proceeding to which a taxpayer [or summoned party] has few defenses." <u>Derr</u>, 968 F.2d at 945; *accord*, <u>Crystal</u>, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses."). <u>Jose</u>, 131 F.3d at 1328-29.

### Conclusion

Filing a petition to enforce IRS summons and the declaration of the issuing IRS agent establish the government's *prima facie* case for enforcement of the summons. As attested in the declaration of the IRS agent who issued the summons, the IRS is conducting an investigation to determine the tax liabilities of

---

³/ This Court may "allow limited discovery only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." <u>Stuckey</u>, 646 F.2d at 1374.

1844342.1

the taxpayer, the information sought by the summons may be relevant to that purpose, the IRS does not already have possession of the information sought, and the administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed. The Court should now issue an order directing Respondent to show cause why the summons should not be enforced.

If Respondent fails to respond to or rebut the government's *prima facie* case for enforcement, then the Court should issue an order enforcing the IRS summons and compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS, and give testimony and produce the books, records, papers, and other data pertaining to the subjects set forth in the summons, but not directly relating to Respondent's radio show, www.americanradioshow.us, for examination and copying as required by the Internal Revenue Service summons.

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
EVAN J. DAVIS
Assistant United States Attorney

DATED: 3/4/08

GRAYSON A. HOFFMAN
Trial Attorney, Tax Division
Attorneys for the United States
of America, Petitioner

1844342.1

<u>DECLARATION IN SUPPORT OF PETITION TO ENFORCE</u>

<u>INTERNAL REVENUE SERVICE SUMMONS</u>

Summoned Party: DAVID CHAMPION

Taxpayer: DAVID CHAMPION

I, <u>Thomas Cheung</u>, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1. My name as used and signed in the summons and this declaration is an authorized, registered pseudonym under federal law and the regulations of the Internal Revenue Service.

2. I am over eighteen years of age, and I am not a party to the government's federal court case to enforce the subject summons.

3. I am employed as a Revenue Agent of the Internal Revenue Service, in the Los Angeles Territory, California, Compliance, Small Business/Self-Employed Division. I am authorized to issue IRS summonses under the authority of § 7602 of the Internal Revenue Code, 26 U.S.C. ("IRC" and "the Code"). *See* Treasury Regulations, § 301.7602-1 (26 C.F.R.); IRS Delegation Order No. 4 (as revised).

4. As a Revenue Agent, my duties include the examination and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required returns are not filed, I also assist the IRS in investigating whether such

returns should have been filed and determining the taxpayer's correct tax liability.

5. In my capacity as a Revenue Agent, I am conducting an investigation into the promotion of an abusive scheme and the application of penalties under I.R.C. §§ 6694, 6695, 6700, and/or 6701 as to David Champion for the taxable years ended December 31, 1999, through the date of Champion's compliance with the summons, which federal tax liabilities are hereinafter collectively referred to as the "subject taxable periods," "subject tax periods," and "subject tax years."

6. Based on my investigation so far, it appears that David Champion promotes an abusive scheme in which he frivolously claims that United States citizens do not need to pay federal income taxes unless they voluntarily change themselves from "nontaxpayers" to "taxpayers." My investigation shows that, as part of this scheme, he operates several websites advancing his positions and offering his services in assisting taxpayers attain or maintain "nontaxpayer" status.

7. One purpose of the IRS investigation is to determine whether the government should seek to enjoin, pursuant to I.R.C. §§ 7402, 7407, and/or 7408, Champion from further promotion of these schemes, which requires determining whether Champion is subject to penalties under §§ 6694, 6695, 6700, and/or 6701.

8. The purposes of the investigation also include the determination of Champion's liabilities for penalties and the determination of whether there are other parties who are liable

-2-

1844564.1

for federal taxes or penalties who David Champion assisted in the evasion of federal taxes.

9. As of the date of this declaration, I have not made any of the final determinations referred to in the immediately preceding paragraph.

10. On February 1, 2006, in furtherance of the above-referenced investigation and in accordance with I.R.C. § 7602, I issued an administrative summons, IRS Form 2039, to David Champion to appear on February 15, 2006, before the IRS to give testimony and to produce for examination books, records, papers, and other data as described in the IRS summons. A true and correct copy of the summons is attached hereto as **Exhibit 1**.

11. Paragraph 1 of the summons seeks various documents which will enable the IRS to identify Champion's clients, a term which the summons specifically defines to include only those who have hired him to perform tax-related services. Similarly, paragraph 5 seeks information related to individuals who claim on Champion's websites, where they are identified by only their first names and last initials, that he has assisted them in implementing his frivolous scheme. Identifying those for whom Champion has performed tax-related services will help me determine if those services violate any of the above-referenced penalty provisions or if the clients have improperly evaded federal income tax.

12. Paragraph 2 of the summons seeks information related to entities through which Champion operates. This information will give the IRS a complete picture of Champion's activities and

allow me to explore whether Champion has committed penalty conduct through any other entities he controls.

13. Paragraphs 3 and 4 of the summons seek any promotional material Champion uses and any documents through which he has actually implemented his scheme. This information will help me determine if penalties under I.R.C. §§ 6700 or 6701, or an injunction under I.R.C. §§ 7407 or 7408, are appropriate.

14. On February 1, 2006, in accordance with 26 U.S.C. § 7603, I served an attested duplicate original copy of the IRS summons by handing a duplicate original copy of the summons, which contained the attestation required by I.R.C. § 7603, to Champion. A true and correct copy of the certificate of service with respect to the summons is attached hereto as **Exhibit 2**.

15. On February 15, 2006, Champion failed to appear before the IRS in response to the summons. Champion has not appeared before the IRS in response to the summons, and Champion has not produced the documents, records, and other information described in the summons. Champion has not otherwise provided the summoned information. Champion's failure to comply with the summons continues to the date of this declaration.

16. Champion has not given the testimony and has not produced the books, papers, records, and other data sought by the IRS summons.

17. The testimony sought by the IRS summons is not already in the possession of the IRS.

18. The books, papers, records, and other data sought by the IRS summons are not already in the possession of the IRS.

19. All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the IRS summons have been taken.

20. The testimony and the books, records, papers, and other data demanded by the IRS summons are necessary for the determination of the applicability of penalties under I.R.C. §§ 6694, 6695, 6700, and/or 6701, and the determination of whether there are other parties who are liable for federal taxes or penalties who Champion aided or abetted in the evasion of federal taxes.

21. No recommendation for criminal prosecution of Champion has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in I.R.C. § 7602(c), is in effect with respect to Champion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 03, 2008, at Los Angeles, California.

THOMAS CHEUNG
Revenue Agent
Internal Revenue Service

1844564.1