THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
EVAN J. DAVIS (SBN 250484)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4850
    Facsimile: (213) 894-0115
    E-mail: evan.davis@usdoj.gov

GRAYSON A. HOFFMAN (VA Bar No. 73726)
Trial Attorney, Tax Division
U.S. Department of Justice
    Post Office Box 7238
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-2904
    Facsimile: (202) 514-6770

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV08-01629-PA-(JWJx) |
| Petitioner, | UNITED STATES' NOTICE OF MOTION AND MOTION TO HOLD RESPONDENT IN CIVIL CONTEMPT AND IMPOSE SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION |
| v. | |
| DAVID CHAMPION, | |
| Respondent. | Hearing: |
| | Date: August 11, 2008
Time: 1:30 p.m.
Ctrm: 15 |

PLEASE TAKE NOTICE that on August 11, 2008, at 1:30 p.m., or as soon thereafter as counsel can be heard, in the courtroom of the Honorable Percy Anderson, United States District Judge,

3400457.1

Courtroom 15, United States Courthouse, 312 North Spring Street, Los Angeles, California, petitioner United States of America will and does hereby move the Court for:

    1.  An order holding Respondent DAVID CHAMPION in civil contempt for his failure to comply with the ORDER ENFORCING IRS SUMMONS issued by the Court on April 30, 2008.  Fed. R. Civ. P. 70; 26 U.S.C. (I.R.C.) § 7604(b).

    2.  An order that Respondent David Champion be incarcerated until Respondent fully complies with the Internal Revenue Service summons and the Court's enforcement order.  18 U.S.C. § 401.

This motion is based upon the record herein, the attached memorandum of points and authorities, and the attached declaration of IRS Revenue Agent Thomas Cheung.

The instant matter is exempted from the pre-filing conference of counsel requirement of Local Rule 7-3 because this is an action to enforce an Internal Revenue Service administrative summons.  L.R. 16-11(g).

                              Respectfully submitted,

                              THOMAS P. O'BRIEN
                              United States Attorney
                              SANDRA R. BROWN
                              Assistant United States Attorney
                              Chief, Tax Division

DATED: July 1, 2008          /s/ Grayson A. Hoffman
                              GRAYSON A. HOFFMAN
                              Trial Attorney, Tax Division
                              Attorneys for the United States
                              of America, Petitioner

3400457.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

On March 6, 2008, the United States filed a PETITION TO ENFORCE INTERNAL REVENUE SUMMONS with respect to a summons issued to and served on Respondent on February 2, 2006. Respondent had failed to comply with a summons related to the IRS's investigation into Champion's promotion of an abusive tax scheme. (See Petition, filed herein on March 6, 2008).

On March 6, 2008, the Court entered an ORDER TO SHOW CAUSE (OSC), ordering Respondent David Champion to appear before this Court on April 28, 2008, and show cause why the testimony and production of books, papers, records, and other data demanded in the subject IRS summons should not be compelled. (See OSC, filed herein on March 6, 2008).

On April 2, 2008, the Government personally served a copy of the Court's OSC on Respondent David Champion. (See Certification of Service, filed herein on April 9, 2008).

On April 28, 2008, this Court held a hearing on the Order to Show Cause why the IRS summons should not be enforced on Champion. The Court orally stated that it would enforce the summons. During the hearing, the parties orally agreed to schedule the appearance for testimony and production of records for a day during the last week of May 2008. The Court then entered an Order Enforcing IRS Summons On April 30, 2008. The Court's order states in part:

> Having failed to show cause why he should not be compelled to give testimony and to produce the books,

1

3400457.1

|   |   |
|---|---|
| 1 | records, papers, and other data as required by the |
| 2 | subject Internal Revenue Service (IRS) summons, David |
| 3 | Champion is ORDERED by this Court to appear before an |
| 4 | authorized representative of the IRS, at a time and |
| 5 | place to be determined by the IRS, but not later than |
| 6 | May 31, 2008, to give testimony and to produce the |
| 7 | books, records, papers, and other data pertaining to |
| 8 | the subjects set forth in the summons, but not directly |
| 9 | relating to Respondent's radio show, |
| 10 | www.americanradioshow.us, for examination and copying |
| 11 | as required by the Internal Revenue Service summons. |
| 12 | (See Order Enforcing IRS Summons filed herein on April 30, 2008, |
| 13 | attached as Exhibit 3 to Cheung Declaration).[1] |
| 14 | David Champion agreed to meet with the IRS in Los Angeles on |
| 15 | May 30, 2008, at 10:30 a.m. (See confirmatory letter from IRS to |
| 16 | Champion attached as Exhibit 6 to Cheung Declaration).  On May |
| 17 | 19, 2008, Revenue Agent Thomas Cheung mailed Champion two |
| 18 | certified letters confirming his appointment for May 30, 2008. |
| 19 | (See letters from IRS to Champion attached as Exhibits 4 and 5 to |
| 20 | Cheung Declaration). |
| 21 | On May 22, 2008, David Champion filed a Notice of Appeal |
| 22 | with the Ninth Circuit Court of Appeals.  The Ninth Circuit did |
| 23 | not issue a stay of this Court's order to comply with the |
| 24 | summons, and Champion did not request a stay of the order. |
| 25 | On May 27, 2008, IRS attorney Kathryn Meyer delivered by UPS |

---

[1] The first Cheung Declaration attached exhibits numbered one and two.

another letter to Champion explaining that, notwithstanding his Notice of Appeal, he was still obligated to meet with the IRS on May 30 at 10:30 a.m., pursuant to the Court's order to comply with the IRS summons. (See letter from IRS to Champion attached as Exhibit 6).

On May 30, 2008, Champion did not appear at the scheduled meeting, nor did he produce the documents and other items requested by the summons. Respondent David Champion has not produced the books, papers, records, and other data sought by the IRS summons. (Cheung Declaration, at ¶ 7).

Respondent's failure to comply with the Court's Order Enforcing IRS Summons continues to this date. (Cheung Declaration, at ¶ 8).

## II. QUESTION PRESENTED

Whether Champion's failure to produce documents and provide testimony as ordered by this Court constitutes contempt?

## III. ARGUMENT

### A. THE COURT IS EMPOWERED TO HOLD RESPONDENT IN CIVIL CONTEMPT

A district court may hold in civil contempt any person who willfully disobeys a specific and definite order of the court. Shuffler v. Heritage Bank, 720 F.2d 1146 (9th Cir. 1983); Fed. R. Civ. P. 70. A person fails to act as ordered by the Court when he fails to take all reasonable steps within his power to comply with the Court's order. Shuffler, 720 F.2d at 1146-1147.

3400457.1

1  If a party ordered to comply with an Internal Revenue
2 Service summons does not obey that order, then the United States
3 may move by way of contempt proceedings to compel compliance.
4 <u>United States v. Brown</u>, 918 F.2d 82 (9th Cir. 1990); <u>United
5 States v. Laurins</u>, 857 F.2d 529, 534 (9th Cir. 1988).
6  For a party to be held in contempt, the United States must
7 show that: (1) a valid order existed, (2) the party had knowledge
8 of the order, and (3) the party disobeyed the order.  <u>Reliance
9 Ins. Co. v. Mast Constr. Co.</u>, 159 F.3d 1311 (10th Cir. 1998).  In
10 a civil contempt proceeding, the proof of contempt must be clear
11 and convincing.  <u>Balla v. Idaho State Bd. of Corrections</u>, 869
12 F.2d 461, 466 (9th Cir. 1989); <u>United States v. Powers</u>, 629 F.2d
13 619, 626 n.6 (9th Cir. 1980). If the Court determines that the
14 Respondent is in civil contempt for failing to appear before the
15 IRS to give testimony and produce documents as ordered, then the
16 Court should compel Respondent's obedience to its order enforcing
17 the IRS summons.
18  Several sections of the Internal Revenue Code of 1986,
19 26 U.S.C., give the Court the authority to punish civil
20 contempt.[2]  Section 7604 specifically discusses contempt,
21 stating:
22 "[w]henever any person summoned under section 6420(e)(2),
23
24
   [2] Adjudication is plainly civil in nature when the sanction
25 imposed is wholly remedial, serves only the purposes of the
   complainant, and is not intended as a deterrent to offenses
26 against the public.  <u>Falstaff Brewing Corp. v. Miller Brewing Co.</u>,
   702 F.2d 770, 778 (9th Cir. 1983).  However, civil contempt may
27 have an incidental effect of vindicating the court's authority
   without changing the coercive purpose of the contempt charge.
28 <u>Id.</u> at 778.

4                                                          3400457.1

6421(g)(2), 6427(j)(2), or 7604 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court . . . for an attachment against him as for a contempt." See Reisman v. Caplin, 375 U.S. 440 (1964); Donaldson v. United States, 400 U.S. 517 (1971). See also Fed. R. Civ. P. 70.

A prima facie case for contempt may be made either by affidavits attached to the petition, or by sworn testimony in open court. Rylander, U.S. 460 U.S. 752. The show cause order places on the alleged contemnor the burden of showing why he should not be held in contempt. Id. The defendant then must present some evidence to explain or justify his failure to comply with the summons. McPhaul, 364 U.S. at 379. The only question at the contempt phase is whether the contemnor has the present ability to obey the court's enforcement order. If the contemnor raises this defense, the contemnor has the burden of proof. Rylander, U.S. 460 U.S. 757.

At the contempt stage, the contemnor cannot raise issues concerning the propriety of the summons and whether it should have been enforced. All such questions must have been raised at the summons enforcement hearing. Rylander, U.S. 460 U.S. 757. "[T]he contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." Maggio v. Zeitz, 333 U.S. 56, 59 (1948).

3400457.1

## B. RESPONDENT SHOULD BE HELD IN CIVIL CONTEMPT

As set forth in the attached Second Declaration of Revenue Officer Thomas Cheung, Respondent David Champion has not complied with the Court's order to comply with the IRS summons. Champion failed to appear at the scheduled May 30 meeting, and has not produced the books, papers, records, and other data sought by the IRS summons. Respondent's failure to comply with the Court's Order Enforcing IRS Summons continues to this date.

The burden of showing why he should not be held in contempt falls on Respondent David Champion, the alleged contemnor. Rylander, 460 U.S. at 756; McPhaul, 364 U.S. at 379; United States v. Fleishman, 339 U.S. 349, 364 (1950). Champion must come forward and present evidence to explain or justify his failure to comply. McPhaul, 364 U.S. at 379.

It is not necessary, however, for the United States in a contempt proceeding to establish that Champion has the capacity to comply. Rylander, 460 U.S. at 757; Fleishman, 339 U.S. at 362-363; NLRB v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973). Rather, the burden is on the Respondent to show "categorically and in detail" why he is unable to comply with the Court's Order. NLRB v. Trans Ocean Export Packing Co., 473 F.2d at 616.

A court order enforcing an IRS summons requires the summoned party to make "all reasonable efforts" to comply with the production order. United States v. Ryan, 402 U.S. 530, 534

(1971). An individual ordered to respond to a summons or subpoena to produce books and records must either produce the requested documents or present defenses justifying his failure to do so. McPhaul, 364 U.S. at 379; Baran, 339 U.S. at 330-331; Fleishman, 339 U.S. at 363. In the context of an IRS summons or subpoena enforcement hearing, those defenses must be asserted at the enforcement proceeding that affords a subpoenaed or summoned party a judicial determination of any challenges he wishes to make. Reisman, 375 U.S. at 449; United States v. Edge, 444 U.S. 707 (1980).

While the Supreme Court has noted that a present inability to comply with the order enforcing the summons could be asserted in the contempt proceeding, at the same time it noted that the alleged contemnor bears the burden of proof to establish that, contrary to the presumptions arising from a valid enforcement order, the summoned materials are impossible to produce. See Rylander, 460 U.S. at 756.

Thus, the sole issue in this case is whether Respondent can carry his burden of proving a present inability to comply with the Court's enforcement order.

As of the date of this motion, Champion has failed to show an inability to comply with this Court's Order. The Court should therefore grant this motion, hold Champion in civil contempt, and impose sanctions against him to force compliance with the Court's Order by coercing Champion's obedience. Based upon his continued disobedience of the Court's Order, it is readily apparent that such disobedience by Champion is both intentional and willful.

Based upon Champion's willfulness, the Government recommends

1  that Champion be incarcerated until he complies with the Court's
2  order enforcing the IRS summons.  Champion's pattern of ignoring
3  this Court and the IRS shows that lesser sanctions will be
4  ineffective.  In addition, because Respondent refuses to pay his
5  own taxes, an intermediate sanction of a fine would be
6  ineffective, as he would likewise refuse to pay any fine imposed
7  for civil contempt.

## **CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Court grant the United States' motion, hold Champion in civil contempt, and impose the sanctions requested above. The Government urges the Court to incarcerate Champion until he purges himself of his contempt and complies with the Court's order enforcing the IRS summons.

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: July 1, 2008        /s/ *Grayson A. Hoffman*
GRAYSON A. HOFFMAN
Trial Attorney, Tax Division
Attorneys for the United States
of America, Petitioner

**SECOND DECLARATION OF THOMAS CHEUNG**

I, Thomas Cheung, pursuant to 28 U.S.C. § 1746(2), declare and state as follows:

1. I am employed as a Revenue Agent in the Los Angeles, California office of the Internal Revenue Service.

2. An Order enforcing the summons was filed by the Court on April 30, 2008. A copy of the Order is attached hereto as Exhibit 3. The Order states in part:

> Having failed to show cause why he should not be compelled to give testimony and to produce the books, records, papers, and other data as required by the subject Internal Revenue Service (IRS) summons, David Champion is ORDERED by this Court to appear before an authorized representative of the IRS, at a time and place to be determined by the IRS, but not later than May 31, 2008, to give testimony and to produce the books, records, papers, and other data pertaining to the subjects set forth in the summons, but not directly relating to Respondent's radio show, www.americanradioshow.us, for examination and copying as required by the Internal Revenue Service summons.

3. David Champion was aware of the Court's order to comply with the IRS summons. Champion attended the April 28 hearing during which the Court explained that it was ordering Champion to comply with the IRS summons no later than May 31. Moreover, during the hearing, Champion and Government counsel agreed to schedule the meeting sometime during the last week of May. Finally, Champion filed a Notice of Appeal.

4. On May 2, 2008, David Champion called me and indicated that he wanted to schedule the meeting and production of documents sought by the summons for May 30, 2008. I responded with letters to Champion setting the meeting for May 30, 2008, at 10:30 a.m., in Los Angeles. Copies of the letters are attached as Exhibits 4 and 5.[1]

5. On May 27, 2008, after Champion filed his Notice of Appeal, IRS attorney Kathryn Meyer delivered by UPS a subsequent letter to Champion confirming his May 30 appointment with the IRS. A copy of the May 27 letter is attached as Exhibit 6.

6. On May 30, 2008, David Champion failed to appear at the scheduled meeting.

7. Champion has not appeared or produced the books, papers, records, and other data sought by the IRS summons.

---

[1] The IRS delivered two letters to Champion, one for each address on file.

3337076.1
3337115.2

8. Champion's failure to comply with the Court's Order Enforcing IRS Summons continues to this date.

I declare under penalty of perjury that the foregoing is true and correct.

At Los Angeles, California

DATED: June 06, 2008

THOMAS CHEUNG

3

3337115.2

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2008, I served on David Champion the above UNITED STATES' NOTICE OF MOTION AND MOTION TO HOLD RESPONDENT IN CIVIL CONTEMPT AND IMPOSE SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION, NOTICE OF LODGING, and PROPOSED ORDER by mailing copies of the documents to 1031 W. Avenue, M14, Suite A, Palmdale, CA, 93551, and to 2010 W. Avenue, K#481, Lancaster, CA, 93536. The documents were mailed through the U.S. Mail and by Federal Express.

/s/ Grayson A. Hoffman
GRAYSON A. HOFFMAN

3402477.1