David Champion
2220 East Nevada West Boulevard, #2
Pahrump, NV 89048
775-751-08118 Ph 775-751-8830 Fax
Respondent In Propria Persona

"BY FAX"

Filed Via Fax



FILED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case # cv-08-01629 RA (JWJx) |
| PETITIONER, | RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF PRIOR PURGATION OF CONTEMPT AND MOTION FOR RELEASE FROM ORDER AND TO DISMISS PURSUANT TO: |
| Vs. | FRCP 60(b) |
| David Champion, | FRCP 12(b)(1) |
| RESPONDENT. | FRCP 41(b) |
| | OR ALTERNATIVELY FOR A LIMITED EVIDENTIARY HEARING |

"BY FAX"

## MOTION FOR RELIEF FROM ORDER AND TO DISMISS

This motion is brought by Respondent David Champion (Champion), for relief from the final order of the District Court entered in the above captioned action on April 30, 2008, ordering Champion to appear before an authorized representative of the IRS, at a time and place to be determined by the parties, but not later than May 31, 2008, to give testimony and to produce the books, records, papers, and other data pertaining to the subjects set forth in the summons, but not directly relating to Champion's radio show, www.americanradioshow.us, for examination and copying as required by the Internal Revenue Service summons. This motion is based on:

a) Order is void under FRCP Rule 60(b)(4) and FRCP Rule 12(b)(1).

b) Newly discovered evidence renders the Order void.

c) Petitioner is no longer entitled to enforcement of the court's order under FRCP Rule 60(b)(5) as the order has been fully complied with.

d) Dismissal is the consequence for Petitioner's failure to comply with the court order under FRCP Rule 41(b).

e) Apparent Bad Faith is grounds for a Limited Evidentiary Hearing under the rule in <u>United States v. Stuckey, 646 F.2d 1369</u>.

# CONTENTS

RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM ORDER AND TO DISMISS ........................................................3

I. Statement of Facts ........................................................................................3

II Argument.....................................................................................................4

Motion For Relief From Order Based On Newly Discovered Evidence Rendering the Order Void [FRCP Rule 60(b)]...............................................4

Newly Discovered Evidence: ........................................................................5

Order is void [FRCP Rule 60(b)(4)]..............................................................6

Petitioner is no longer entitled to enforcement of the court's order as it has been fully complied with. [FRCP Rule 60(b)(5)] ...............................................6

Petitioner has failed to meet its burden of establishing subject matter jurisdiction. ..7

Champion Challenges Subject Matter Jurisdiction Based on Extrinsic Fact ............9

Dismissal for Failure to Comply With Court Order .....................................9

[FRCP Rule 41(b)]........................................................................................10

........................................................................................................................10

Bad Faith is Apparent and a Limited Evidentiary Hearing is Appropriate in the absence of a Dismissal.................................................................................11

Wherefore the Champion respectfully requests that: ..................................15

Certificate Of ServiceE................................................................................16

# TABLE OF AUTHORITIES

26 U.S.C. § 7602 ..................................................................................................12
FRCP Rule 12(b)(1)..................................................................................2, 3, 9, 10
FRCP Rule 12(b)(6)..............................................................................................9
FRCP Rule 41(b) ....................................................................................2, 9, 10
FRCP Rule 59(b) ..................................................................................................4
FRCP Rule 60(b)(4)...................................................................................2, 4, 6, 7

IRS Form 2039 ......................................................................................................3

Motion For relief From Order
and to Dismiss

Case # cv-08-01629

## TABLE OF CASES

Adams v. Bain (4th Cir. 1982) 697 F.2d 1213 .................................................................9

Antoine v. Atlas Turner, Inc. (6th Cir. 1995) 66 F.3d 105 ...........................................6

Bell v. Hood (1946) 327 U.S. 678 ..................................................................................10

Brooks v. Ferguson-Florissant School Dist. (8th Cir. 1997) 113 F.3d 903..................5

Chambers v. NASCO, Inc. (1991) 501 U.S. 32.............................................................11

Coastal Transfer Co. v. Toyota Motor Sales, U.S.A. (9th Cir. 1987) 833 F.2d 208 ...5

Commodity Trend Service, Inc. v. Commodity Futures (7th Cir. 1998) 149 F.3d 679 9

Crowley Marine Services, Inc. v. Fednav Ltd. (ED WA 1995) 924 F.Supp. 1030 .....7

Foster v. United States, 265 F.2d 183 (2d Cir. 1959),................................................13

Friends of the Wild Swan, Inc. v. United States Fo. (D OR 1995) 910 F.Supp. 1500 8

Hagans v. Lavine, 415 U.S. at 538 ................................................................................9

Hardin v. Wal-Mart, Inc. (ED AR 1981) 89 F.R.D. 44 ...............................................10

Harris v. Owens-Corning Fiberglas Corp. (7th Cir. 1996) 102 F.3d 1429..................5

Hernandez v. Garza (9th Cir. 1998) 138 F.3d 393 ....................................................10

Holt v. United States (10th Cir. 1995) 46 F.3d 100 ....................................................8

In re Crivello (7th Cir. 1998) 134 F.3d 831 .................................................................6

Kocher v. Dow Chem. Co. (8th Cir. 1997) 132 F.3d 1225 .........................................6

Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 U.S. 375 .....................7

MCG, Inc. v. Great Western Energy Corp. (5th Cir. 1990) 896 F.2d 170 ................8

MCI Telecommunications Corp. v. Matrix Communications Corp. (1st Cir. 1998) 135 F.3d 27 ......................................................................................................................5

McMorgan & Co. v. First Calif. Mortgage Co. (ND CA 1995) 916 F.Supp. 966 .....8

Meliezer v. Resolution Trust Co. (5th Cir. 1992) 952 F.2d 879 ................................8

Mortensen v. First Fed. Sav. & Loan Ass'n (3rd Cir. 1977) 549 F.2d 884................10

New Orleans Pub. Serv., Inc. v. City of New Orleans (5th Cir. 1986) 782 F.2d 1236

10

Reisman v. Caplin, 375 U.S. 440, ..................................................................12, 14

Roberts v. Corrothers (9th Cir. 1987) 812 F.2d 117......................................................8

Rosales v. United States (9th Cir. 1987) 824 F.2d 799 ...............................................10

Steel Co. v. Citizens for a Better Environment (1998) 523 U.S. 83 .............................9

Stock West, Inc. v. Confederated Tribes (9th Cir. 1989) 873 F.2d 1221 ...............7, 9

Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310 ...............................................13

Tomlin v. McDaniel (9th Cir. 1989) 865 F.2d 209 .......................................................6

United States ex rel. Eitel v. Reagan (D OR 1995) 898 F.Supp. 734 ..........................7

United States v. Balanced Financial Management, Inc., 769 F.2d 1440 ...................13

United States v. Dynavac, Inc., 6 F.3d 1407, 1414......................................................11

United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993) ......................................11

United States v. Harrington, 388 F.2d 520..................................................................13

United States v. McCarthy, 514 F.2d 368 ....................................................................12

United States v. Noall, 587 F.2d 123 ...........................................................................13

United States v. Powell, 379 U.S. 48 (1964) ...........................................3, 11, 12, 14

United States v. Richards, 631 F. 2d. 341 ...................................................................13

United States v. Stuckey, 646 F.2d 1369..................................................................2, 14

United States v. Theodore, 479 F.2d 749 ....................................................................13

Vakalis v. Shawmut Corp. (1st Cir. 1991) 925 F.2d 34 ..............................................10

Valdez v. United States (ED CA 1993) 827 F.Supp. 1065 ......................................7, 8

Wages v. IRS (9th Cir. 1990) 915 F.2d 1230 ................................................................6

Williamson v. Tucker (5th Cir. 1981) 645 F.2d 404 ....................................................9

1  **RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION**
2  **FOR RELIEF FROM ORDER AND TO DISMISS**
3      Respondent, David Champion (Champion), appearing in propria persona, submits
4  this memorandum of law in support of his motion for relief from order and to dismiss
5  pursuant to the Federal Rules for Civil Procedure (FRCP) specifically: FRCP 60(b),
6  FRCP 12(b)(1), and FRCP 41(b), or alternatively for a limited evidentiary hearing.
7      As grounds for his motion Champion relies on FRCP 60(b), FRCP 12(b)(1), and
8  FRCP 41(b). And, Champion further contends that the IRS has acted in patent bad faith
9  in seeking both enforcement of the summons and to hold Champion in civil, and has
10 failed to meet the requirements set forth in United States v. Powell, 379 U.S. 48 (1964)
11 and the petition should be dismissed as Champion has fully complied with this court's
12 order and in so doing has preemtively purged himself of any alleged contempt, or in the
13 alternative, Champion has satisfied the criteria for this court to order an evidentiary
14 hearing established by the 9th Circuit in United States v. Stuckey, 646 F.2d 1369, whereby
15 evidence and testimony may be presented for final determination of the matter.

16                     **I. Statement of Facts**
17     On February 1, 2006, RA Thomas Cheung (Cheung) served an Summons (IRS
18 Form 2039), one upon Champion.
19     On or about March 6, 2008, the United States filed the instant Order to Show
20 Cause (OSC) and Petition to Enforce IRS Summonses.
21     In its petition to Enforce IRS Summons, the United States included the declaration
22 of RA Cheung as the foundation for it prima facie showing that the summons is issued
23 for a legitimate purpose; that it seeks information relevant to that purpose; that it seeks
24 information that is not already within the IRS' possession; and that all administrative
25 steps required by the United States Code have been followed.
26     On or about April 25, 2008, Champion filed a Motion to Dismiss for lack of
27 Jurisdiction and notice of Special Appearance.
28     On or about April 30, 2008, this court entered an order enforcing the summons and

compelling the parties to meet before May 31, 2008.

In response to the court's order, Champion contacted counsel for the United States to schedule a meeting between RA Cheung and Champion, whereby compliance with the court's order could be formally completed and an admissible record of that meeting be created by means of tape recording. The Petitioner agreed to meet on May 30, 2008, at 11:00 AM, at the IRS office located at, 300 North Los Angeles Street, Room B-122, Los Angeles California.

On May 30, 2008, Champion complied with the order of this court enforcing the summons. (see attached Declaration of Champion and Declaration of Crews)

## II Argument

### Motion For Relief From Order Based On Newly Discovered Evidence Rendering the Order Void [FRCP Rule 60(b)]

Rule 60(b) specifically reserves the court's power "to entertain an independent action to relieve a party from a judgment, order or proceeding." The district court is empowered to set aside a judgment for any of the following reasons: "mistake, inadvertence, surprise, or excusable neglect; "newly discovered evidence which by due diligence could not have been discovered in time to move for a new the hearing under Rule 59(b); "fraud, misrepresentation or other misconduct by the adverse party; "the judgment is void; "the judgment is satisfied, released or discharged; or "any other reason justifying relief from the operation of the judgment."

Relief under Rule 60(b) rests in the court's sound discretion. [Robb v. Norfolk & Western Ry. Co. (7th Cir. 1997) 122 F.3d 354, 359; de la Torre v. Continental Ins. Co. (1st Cir. 1994) 15 F.3d 12, 14; see Carter v. United States (9th Cir. 1992) 973 F.2d 1479, 1489. Rule 60(b) relief may be granted "upon an adequate showing of exceptional circumstances." [Richards v. Aramark Services, Inc. (8th Cir. 1997) 108 F.3d 925, 927 (emphasis added); Massengall v. Oklahoma Bd. Of Examiners in Optometry (10th Cir.

1994) 30 F.3d 1325, 1330; <u>United States v. Bank of New York</u> (2nd Cir. 1994) 14 F.3d 756, 759]

    Champion, seeking equitable relief herein, shows the court that no other remedy is available or adequate, that Champion's fault, neglect or carelessness did NOT create the situation for which equitable relief is sought, and he shows recognized grounds for the equitable relief requested exist. [<u>Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.</u> (2nd Cir. 1997) 117 F.3d 655, 661]

### Newly Discovered Evidence:

    Relief from the order is made on the basis of newly discovered evidence which by due diligence could not have been discovered in time to move for dismissal prior to entry of the order. This new evidence was discovered after the hearing on the matter and issuance of the order of this court enforcing the summons. Champion, with due diligence, could not have discovered the evidence in time to present it at the hearing. And, this evidence was likely to have affected the outcome. [<u>MCI Telecommunications Corp. v. Matrix Communications Corp.</u> (1st Cir. 1998) 135 F.3d 27, 34-35; <u>Brooks v. Ferguson-Florissant School Dist.</u> (8th Cir. 1997) 113 F.3d 903, 904; <u>Harris v. Owens-Corning Fiberglas Corp.</u> (7th Cir. 1996) 102 F.3d 1429, 1434, fn. 3; <u>Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.</u> (9th Cir. 1987) 833 F.2d 208, 212]

    In its petition to Enforce IRS Summons, the United States relied entirely upon the declaration of one "Thomas Cheung" to support its prima facie case for enforcement of the Summons. Champion, upon appearing at the appointed time and place for meeting with agent Cheung was informed multiple times, by multiple individuals employed at the IRS office where the meeting was to take place, that no such person was employed by that agency. (see attached Declaration of Champion and Declaration of Crews)

    This fact, that there is no Thomas Cheung working for the IRS, calls into question the veracity of the declaration proffered by the United States in support of it's petition. If there is no Mr. Thomas Cheung working for the IRS, then the declaration ostensibly

made by him must therefore be false.

Now, the United States in its motion for contempt proffers a subsequent declaration by agent "Thomas Cheung" alleging that said agent was present at the agreed time and place for the meeting ordered by this court and that Champion failed to appear and comply with the order. Clearly, one party or the other is perjuring themself before the court, a fact that will be easily deetermined by examination of the video srveilance tapes from the IRS office in question on the date and at the times relevant hereto.

The questionable existence of agent Thomas Cheung, the failure of the Petitioner to attend the meeting it petitioned this court to compel, and the very questionable veracity of the only evidence upon which the United States has relied to make out its prima facie case, taken altogether, present exceptional circumstances which justify Champion's relief from further compulsory subjugation to this courts order of April 30, 2008.

### Order is void [FRCP Rule 60(b)(4)]

A court may grant Rule 60(b) relief from a judgment that is "void" because the court lacked either subject matter or personal jurisdiction. [In re Crivello (7th Cir. 1998) 134 F.3d 831, 838; Kocher v. Dow Chem. Co. (8th Cir. 1997) 132 F.3d 1225, 1230; Antoine v. Atlas Turner, Inc. (6th Cir. 1995) 66 F.3d 105, 108-109; Wages v. IRS (9th Cir. 1990) 915 F.2d 1230, 1234, lack of both subject matter and personal jurisdiction]

In this case, Champion challenges the subject matter jurisdiction of this court. As set forth below, this court appears to have never acquired jurisdiction.

### Petitioner is no longer entitled to enforcement of the court's order as it has been fully complied with. [FRCP Rule 60(b)(5)]

A court may set aside a judgment that has been satisfied, released or discharged; or where "it is no longer equitable that the judgment have prospective application." [FRCP Rule 60(b)(5); see Tomlin v. McDaniel (9th Cir. 1989) 865 F.2d 209, 210-211] or for "any other reason justifying relief from the judgment." [FRCP Rule 60(b)(6)]

In this case Champion has fully complied with the order of this court to appear before an authorized representative of the IRS, not later than May 31, 2008. (see attached Declaration of Champion and Declaration of Crews)

The failure of the petitioner to attend that meeting, as both ordered by this court and agreed to by the parties, in compliance with the court's order should not be allowed to further prejudice the Champion. Champion has fully performed the acts and duties necessary to comply with the order of this court. Therefore, "it is no longer equitable that the order have prospective application," and the Petitioner is no longer entitled to enforcement of the court's order pursuant to FRCP Rule 60(b)(5).

## Petitioner has failed to meet its burden of establishing subject matter jurisdiction.

Because, the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction, the Petitioner in this case bears the burden of establishing subject matter jurisdicition. Prior to discovery of new evidence, the prima facie case presented by the petitioner was deemed by this court to have met the "slight" burden necessary to go forward. However, where bad faith and false declarations form the evidence to make a prima facie case, then the slight burden cannot plasibly have been met where that is the only evidence in support. Yet those are exactly the facts presented in this case.

The general rule in United States District Court is that the court presumes **lack of** jurisdiction until Petitioner proves otherwise. [Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 U.S. 375, 114 S.Ct. 1673, 1675; Stock West, Inc. v. Confederated Tribes (9th Cir. 1989) 873 F.2d 1221, 1225; Crowley Marine Services, Inc. v. Fednav Ltd. (ED WA 1995) 924 F.Supp. 1030, 1033 (citing text); United States ex rel. Eitel v. Reagan (D OR 1995) 898 F.Supp. 734, 737 (quoting text); Valdez v. United States (ED CA 1993) 827 F.Supp. 1065, 1067, aff'd (9th Cir. 1995) 56 F.3d 1177]

The nature of this burden varies depending on whether the motion is a facial or

factual attack and, if the latter, whether the motion is determined on declarations alone or after an evidentiary hearing. Since federal court jurisdiction cannot be conferred by stipulation or consent, either party is free to seek dismissal at any time under Rule 12(b)(1), even the party who originally invoked federal jurisdiction may later seek to challenge it.

**In this motion, Champion challenges subject matter jurisdiction as matter of fact; based on extrinsic evidence quite apart from the pleadings.** [Meliezer v. Resolution Trust Co. (5th Cir. 1992) 952 F.2d 879, 881; Holt v. United States (10th Cir. 1995) 46 F.3d 1000, 1002-1003; McMorgan & Co. v. First Calif. Mortgage Co. (ND CA 1995) 916 F.Supp. 966, 973]

Because the court's power to hear the case is at stake, it is not limited to considering the allegations of the complaint. It must consider relevant extrinsic evidence; and if the evidence is disputed, it may weigh the evidence and determine the facts in order to satisfy itself as to its power to hear the case: "The existence of disputed material facts will not prevent the trial court from evaluating for itself the merits of jurisdictional claims." [Roberts v. Corrothers (9th Cir. 1987) 812 F.2d 1173, 1177; MCG, Inc. v. Great Western Energy Corp. (5th Cir. 1990) 896 F.2d 170, 176; Friends of the Wild Swan, Inc. v. United States Forest Service (D OR 1995) 910 F.Supp. 1500, 1504]

There is an important difference between 12(b)(1) motions attacking the complaint on its face ("facial attacks") and 12(b)(1) "speaking motions" or factual attacks: Under the former, the court must consider the allegations of the complaint as true . . . whereas under the latter the court determines the facts for itself (see below). [Mortensen v. First Fed. Sav. & Loan Ass'n (3rd Cir. 1977) 549 F.2d 884, 891; Valdez v. United States (ED CA 1993) 837 F.Supp. 1065, 1067]

**However, where the Rule 12(b)(1) motion is based on extrinsic evidence, as in this case, no presumption of truthfulness attaches to Petitioner's allegations:** "The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a respondent proffers evidence that calls the court's jurisdiction

into question." [Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n (7th Cir. 1998) 149 F.3d 679, 685; Williamson v. Tucker (5th Cir. 1981) 645 F.2d 404, 412] A Rule 12(b)(1) motion, on the other hand, may allow the court to weigh and determine conflicting facts. Moreover, the burden of proof is on Petitioner, the party who invoked federal jurisdiction. [Stock West, Inc. v. Confederated Tribes (9th Cir. 1989) 873 F.2d 1221, 1225]

In this case, under Rule 12(b)(1), the United States bears the burden of proof. On a Rule 12(b)(6) motion, the burden of proof would be on Champion, as the moving party. However, on a Rule 12(b)(1) motion challenging federal jurisdiction, the burden is on Petitioner, the party who seeks to invoke federal jurisdiction. [Adams v. Bain (4th Cir. 1982) 697 F.2d 1213, 1219]

### Champion Challenges Subject Matter Jurisdiction Based on Extrinsic Fact

The facts in this case and the evidence before this court strongly suggest the Petitioner's prima facie case is based upon a fictitious declaration. (see attached Declaration of Champion and Declaration of Crews) If that is true, then this court never acquired jurisdiction in as much as there would be no prima facie evidentiary foundation upon which to enter an order and the petition herein could be construed as no more than frivolous. It is an established principle of federal jurisdiction and "remains the federal rule" that a suit which is frivolous does not invoke the jurisdiction of the federal courts. [Hagans v. Lavine, 415 U.S. at 538].

The most important difference between dismissing a case on the merits and dismissing it for lack of jurisdiction because it is frivolous is that the latter form of dismissal is mandatory, even if the defendant fails to preserve the ground that demonstrates the suit's lack of merit. Disputed facts will not prevent dismissal of claims under federal law that are wholly insubstantial or frivolous or so patently without merit that it requires no meaningful consideration. [Steel Co. v. Citizens for a Better

Environment (1998) 523 U.S. 83, 118 S.Ct. 1003, 1010; Bell v. Hood (1946) 327 U.S. 678, 682-683, 66 S.Ct. 773, 776; New Orleans Pub. Serv., Inc. v. City of New Orleans (5th Cir. 1986) 782 F.2d 1236, 1241]

Where, as in this case, the jurisdictional issue is separable from the merits of the case, a judge may consider the evidence presented and make his own factual determinations. No presumptive truthfulness attaches to the Petitioner's allegations and the existence of material issues of fact will not preclude the court from evaluating the merits of a jurisdiction claim. [Rosales v. United States (9th Cir. 1987) 824 F.2d 799; Mortensen v. First Fed. Sav. & Loan Ass'n, supra]. However, here we have no substantive facts to support the Petitioner's claim.

Examination of the facts on record in this case, or in the alternative conduct of a hearing to adduce further evidence will demonstrate that Champion not only complied with this court's order, but also that the United States petition is frivolous. Wherefore, dismissal is appropriate for Lack of Subject Matter Jurisdiction, pursuant to FRCP Rule 12(b)(1).

## Dismissal for Failure to Comply With Court Order
## [FRCP Rule 41(b)]

Rule 41(b) authorizes dismissal for failure of Petitioner "to comply with any order of the court." Dismissal with prejudice is authorized even if Petitioner believed in good faith that the court order was invalid. [Vakalis v. Shawmut Corp. (1st Cir. 1991) 925 F.2d 34] Here we have the Petitioner requesting the order entered by the court and therefore not questioning the order's validity and failing to comply with that order, none the less. Dismissals under Rule 41(b) for failure to comply with an order of the court have been routinely upheld. [Hardin v. Wal-Mart, Inc. (ED AR 1981) 89 F.R.D. 449]

Other cases have recognized the court's inherent power sua sponte to dismiss an action as a sanction for "conduct which abuses the judicial process." [Hernandez v.

Garza (9th Cir. 1998) 138 F.3d 393, 398] A primary aspect of every federal court's inherent power is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." [Chambers v. NASCO, Inc. (1991) 501 U.S. 32, 44-45, 111 S.Ct. 2123, 2133]

Here we have the United States proffering two fictitious declarations. The first requesting an order compelling Champion's compliance with a summons and the second requesting he be held in contempt for failure to comply, when in fact Champion has complied with the order but the Petitioner has failed to comply. Wherefore dismissal under FRCP 41(b) is appropriate.

**Bad Faith is Apparent and a Limited Evidentiary Hearing is Appropriate in the absence of a Dismissal.**

To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48 (1964), at 57-58. The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993). Once a prima facie case is made a "heavy" burden is placed on the taxpayer to show an "abuse of process" or "the lack of institutional good faith." Dynavac, 6 F.3d at 1414.

In this case, the declaration and arguably the very existence of the Declarant appears to be a fabrication. At a minimum the declaration of Cheung in support of the motion to hold respondent in civil contempt is in direct conflict with that of the respondent, an eye witness, and what the evidence will show if Champion is allowed to present it.

Proffering fabricated evidence to the court in seeking enforcement of a summons

and citation for contempt, is presumptively done in bad faith. This court now has before it enough evidence to concede that bad faith may be found upon examination of further evidence. And, prohibiting the respondent from introducing such evidence would be an abuse of discretion. Here Champion calls the court's attention to evidence of bad faith within the record which certainly surpasses the threshold of "minimal" laid down by the 9th Circuit in Stucky and othe rcases presented here. He is therefore entitled to a limited evidentiary hearing to adduce additional or conclusive evidence.

In the case of Reisman v. Caplin the court stated:

> "This does not make meaningless the adversary hearing to which the taxpayer is entitled before enforcement is ordered. At the hearing he 'may challenge the summons on any appropriate ground,' Reisman v. Caplin, 375 U.S. 440, at 449, 84 S.Ct. at 513. Nor does our reading of the statutes mean that under no circumstances may the court inquire into the underlying reasons for the examination. **It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer** or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." United States v. Powell, supra 379 U.S. 48, @ 58. [Emphasis added]

The appropriate procedural steps for enforcement were analyzed and detailed in United States v. McCarthy, 514 F.2d 368, 372-73 (3 Cir. 1975).

> "Section 7602 of the Internal Revenue Code, represents a broad grant of investigatory power to the I.R.S. which the Supreme Court has analogized to that of a grand jury which can investigate " 'merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" United States v. Powell, 379 U.S. at 57, 85 S.Ct. at 255. A district court, asked to enforce an I.R.S. summons, will initially consider whether the summons was issued pursuant to a legitimate purpose of an I.R.S. investigation. The Service has been authorized to utilize the summons as an investigative device "for the purpose of ascertaining the correctness of any return, making a return where none has been made, or determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602. **A summons issued for any purpose other than aiding a determination of tax liability obviously exceeds the scope of authority granted the Service.**
> The district court will next consider whether the information sought by the summons "may be relevant" to tax liability. When the taxpayer is a corporation the Service is expressly authorized to summon corporate officers and employees to produce information which "may be relevant" to corporate tax liability. 26 U.S.C. § 7602(2). Congress authorized the Service's use of the summons power by the phraseology "may be" relevant, rather than "is" relevant. This choice of words indicates acknowledgment that the Commissioner often cannot be certain that documents are, in

fact, relevant or material until after he sees them. United States v. Noall, 587 F.2d 123 (2 Cir. 1978). This low threshold requirement is satisfied when the Government shows that "the inspection sought 'might * * * (throw) light upon' the correctness of the taxpayer's returns." Foster v. United States, 265 F.2d 183 (2 Cir. 1959). The relevancy test has been further refined by defining "might" in "might * * * (throw) light upon" to mean that, in a specific case, the Service has a "realistic expectation rather than an idle hope that something may be discovered." United States v. Harrington, 388 F.2d 520, 524 (2 Cir. 1968). Thus, prior to judicial enforcement, the court must conclude that there is a realistic expectation that the information called for by the summons will throw light upon the Champion's federal tax liability.

...A summons will be deemed unreasonable and will not be enforced if it is overbroad and disproportionate to the end sought, and a "fishing expedition" through a taxpayer's records exceeds the relevant scope of the summons power. United States v. Theodore, 479 F.2d 749, 754 (4 Cir. 1973)." United States v. Richards, 631 F. 2d. 341, 345 (4th Cir., 1980)

This judicial protection against the sweeping or irrelevant orders for production is particularly appropriate in matters where the demand for records is directed not to the taxpayer but to a third-party, who may have had some dealing with the person under investigation. And so, the Second Circuit has held that a District Court asked to enforce such a summons must determine not only whether this burden imposed is unreasonably onerous, but also whether the records sought were relevant to the investigation, not in the sense of an affirmative showing of probable cause, but 'whether the inspection sought might have thrown light upon the correctness of the taxpayer's returns.' Foster v. United States, 265 F.2d 183 (2d Cir., 1959), cert. Denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1960)

The Tenth Circuit has observed that to be entitled to a hearing, the taxpayer must "factually oppose the Government's allegations by affidavit." United States v. Balanced Financial Management, Inc., 769 F.2d 1440, 1444 (10th Cir.1985). The showing must be more than "legal conclusions[,] mere memoranda of law ... or allegations." Id. The district courts have discretion to decide if an evidentiary hearing on the question of enforcement of a summons is necessary. Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 324, n.7, 105 S.Ct. 725, 732, 83 L.Ed.2d 678 (1985).

However, in the Ninth Circuit a taxpayer is entitled to an evidentiary hearing if he or she presents some **"minimal amount of evidence"** to support a contention of a

lack of good faith. United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982). Hereinabove and in exhibits attached hereto, the Champion has stated facts and exposed misstatements of fact by the Petitioner well in excess of the **"minimal amount of evidence"** test set forth in United States v. Stuckey supra.

In the Ninth Circuit the rule requires only that the "taxpayer must . . . allege facts from which a court **might infer a possibility** of some wrongful conduct by the Government." US v Samuels, Kramer And Company, 712 F.2d 1342, 83-2 USTC P 9525(1983). The word used by the Ninth Circuit is "might infer" which comports with the "minimal" threshold established in United States v. Stuckey supra.

The importance of judicial scrutiny before any punitive action is taken was recognized by the Supreme Court in holding that a person directed to produce records before an Internal Revenue Agent be given the opportunity to test the summons in court before being subjected to contempt penalties for disobeying the order. Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), and United States v. Powell, supra.

The Supreme Court explained that the taxpayer is entitled to an adversarial hearing prior to the enforcement, and that, in the course of this hearing, the taxpayer "may challenge the summons on any appropriate ground," Reisman at 449; Powell at 58. The purpose of the hearing, as stated in Powell, is to prevent abuse of the summons process.

If Champion can be held in contempt for objecting to the a summons, then the effective nature of the summons itself is changed from administrative to criminal or penal, such that denial of an evidentiary hearing would violate the Champions fundamental rights to, inter alia, due process of law and confrontation of adverse witnesses. It should be noted however, that in lieu of a formal evidentiary hearing, the Champion would stipulate to a deposition of RA Thomas Cheung and his supporting documents.

**Wherefore the Champion respectfully requests that:**

1. This court dismiss the petition for the reasons set forth hereinabove or any other reason the court may find just and proper.

2. In the alternative Champion requests that in the event this court is inclined to extend enforcement the Summonses in whole or in part, that the court order a limited evidentiary hearing allowing the Champion adequate opportunity to take testimony and introduce evidence in support of dismissal of the instant petition.

Respectfully Submitted
Dated: August 28, 2008

*[signature]*
David Champion, Respondent

# CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of thie foregoing

1  Respondent's Notice Of Prior Purgation Of Contempt And Notice Of Motion And Motion For Release From Order And To Dismiss Pursuant To:
FRCP 60(b)
FRCP 12(b)(1)
FRCP 41(b)
Or Alternatively For A Limited Evidentiary Hearing

2 Respondent's Memorandum Of Law In Support Of Notice Of Prior Purgation Of Contempt And Motion For Release From Order And To Dismiss Pursuant To:
FRCP 60(b)
FRCP 12(b)(1)
FRCP 41(b)
Or Alternatively For A Limited Evidentiary Hearing

3 Declaration of David Champion In Support Of Respondent's Motion For Relief From Order And To Dismiss

4 Declaration of Murray Crews In Support Of Respondent's Motion For Relief From Order And To Dismiss

were served upon Thomas P. O'Brien, counsel for Respondent, by mailing a copy thereof, in an envelope, with first class postage thereon fully prepaid, on this the ___th day of August, 2008, properly addressed as follows:

Thomas P. O'Brien
United States Attorney
Tax Division
U. S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044

_____