David Champion
Suite A
1031 West Avenue M14
Palmdale, California 93551
661-538-1888 Ph  661-538-1829 Fax
Respondent In Propria Persona

"BY FAX"

Filed Via Fax

FILED 2008 AUG 28 PM 1:59 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, ) | Case # cv-08-01629 RA (JWJx)   "BY FAX" |
| ) | |
| PETITIONER, ) | DECLARATION OF David Champion IN SUPPORT OF MOTION FOR RELIEF FROM ORDER AND TO DISMISS |
| ) | |
| Vs. ) | |
| ) | |
| David Champion, ) | |
| ) | |
| RESPONDENT. ) | |

## DECLARATION OF: David Champion

I, David Champion, having first hand knowledge of the events and facts declare under penalty of perjury according to the laws of the state of California and of the United States that:

1. Pursuant to the order of the court directing me to meet with the IRS and comply with the summons in question, I contacted counsel for the Petitioner and we agreed to meet on May 30, 2008, at 300 North Los Angeles Street, Los Angeles California, in Room B-122. This appointment was confirmed by letter from Kathryn Meyer, Senior Attorney, dated May 27, 2008, a true and correct copy of which is attached hereto as Respondent's Exhibit 1.

2. I arrived at the IRS office at 300 N. Los Angeles Street about 10:50 AM on May 30, 2008, in compliance with the court's order compelling a compliance with the summons on or before May 31, 2008.

3. I entered the building and went to the IRS reception desk and asked for Thomas Cheung.

4. The receptionist told me that there is no such person in LA office. I assured her there was, telling her that I'd met with him before at that office and that we'd agreed to this meeting, at this location, just 30 days ago.

5. The receptionist then called several other people who also told her there was no such person working in the LA office.

6. The receptionist then informed me that the IRS's telephone system also provides the receptionist with a list of IRS personnel in the LA office, by name, and that Cheung was not in the system's database.

7. While I was speaking with the receptionist, my witness (Murray Crews) asked an IRS clerk at one of the "windows" if he could direct us to Thomas Cheung. That clerk also said he knew of no such person.

8. After approximately 25 minutes in the reception area I then decided to go to the IRS legal office listed on the directory, since they were working with Cheung and I was there for our meeting.

9. When we arrived at the legal department (Room B-122) the receptionist there (sitting behind bulletproof glass) informed me that she did not know any Thomas Cheung.

10. I responded by telling her the same thing I'd told the main receptionist.

11. She then checked a 3-ring binder she had at her work station and confirmed that there was no listing for a Thomas Cheung in the LA IRS office.

12. I explained her, that I had little faith the IRS would believe I was there if I did not have evidence of it and asked for her name.

13. She became upset. She would not give me her last name or IRS employee

1  number, but did give me the first name of Barbara. She also suggested that I "sign in"
2  as evidence that I was there.
3      14.   I signed the "sign in" sheet at approximately 11:15 AM. She would not
4  provide me with a copy of the sign in sheet.
5      15.   At that point I left.
6      16.   When I returned to my office I looked at letter sent to me by regional IRS
7  counsel Kathryn Meyer and confirmed that Room B-122 was the place to meet. I was
8  in room B-122 and no one there knew of a Thomas Cheung.
9      17.   On June 2, 2008, I informed regional counsel Meyer, in writing, of exactly
10 what I am declaring here. My letter detailing my experience on May 30, at the IRS was
11 sent via Federal Express with signature requested and addressed to Kathryn Meyer. A
12 true and correct copy of that letter is attached hereto as respondent's Exhibit 2.
13     18.   On or about June 5, 2008, I received a telephone call from a woman at the
14 IRS who identified herself as a mail distribution clerk at the 300 N. Los Angeles Street
15 office. She stated a specific title for her position, but I do not recall the exact title she
16 gave. She stated to me that she was calling to ask what I wanted done with the letter I'd
17 sent to Ms Meyer. She informed me that she had made every attempt to locate an
18 employee by that name, and was unable to do so. She stated that no person by the name
19 of Kathryn Meyer worked in the Los Angeles office.
20     19.   I explained to her that there must be some mistake because I had receive a
21 letter from Ms Meyer around the 1st of June which plainly indicated 300 North Los
22 Angeles Street as her address.
23     20.   The woman caller stated that she had checked every resource available to her
24 to deliver the letter, and that it was her opinion as well as her supervisor's opinion than
25 no person by the name of Kathryn Meyer worked at the IRS's LA office. She further
26 stated that she had checked with the legal office in that building and no one there had
27 heard of Ms Meyer either. She told me that since she could not deliver the envelope that
28 she would return it to me.

21. Several days later I did receive the envelope addressed to Kathryn Meyer back in the mail.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this August 28, 2008

David Champion

THE OFFICE OF DAVID A CHAMPION
1031 W. AVE. M14, SUITE A
PALMDALE, CALIFORNIA 93551
(661) 538-1888

June 2, 2008

Ms. Kathryn Meyer
Senior Attorney (Los Angeles, Group 2)
Internal Revenue Service
300 N. Los Angeles Street
Los Angeles, CA 90012

Re: USA v. David Champion

Dear Ms. Meyer,

I am writing to let you know that I was present at the appointed location on May 30th and no IRS employee at 300 N. Los Angeles Street knew of, or could locate, anyone who worked for the IRS with the name Thomas Cheung.

I arrived at the IRS office at 300 N. Los Angeles Street about 20 minutes late (10:50AM) due to unexpectedly heavy traffic on the 170 and 101 freeways. This heavier than normal traffic was out of character for that hour of the day and could not have been reasonably anticipated.

I started by going to the IRS reception desk and asking for Thomas Cheung. The receptionist told me that there is no such person in LA office. I assured her there was, telling her that I'd previously met with him at that office and that we'd agreed to this meeting, at this location, just 30 days ago.

She called several other people within the IRS who told her there was no such person working in the LA office.

The IRS's telephone system also provides the receptionist with a list of IRS personnel in the LA office that can be called upon by dialing the name into the reception phone. The receptionist dialed Thomas' last name into her phone but no "Cheung" was in the system's database.

While I was waiting for the receptionist to assist others, the gentleman I brought as a witness asked an idle IRS clerk at one of the "windows" if he could direct us to Thomas Cheung. The clerk also said he knew of no such person. We spent approximately 25 minutes in the reception area because the receptionist was pursuing my request in between assisting people in line.

Respondent's Exhibit 2, pg. 1

I then decided to go to the IRS legal office listed on the directory. I figured since IRS attorneys have been working with Cheung someone there would just pick up the phone and tell him I was there for our meeting.

I first stopped in room B-122 and was told by woman sitting the reception desk that B-122 was for immigration matters and that the IRS was in room B-122A. When we arrived at the IRS legal department (Room B-122A) the receptionist (Barbara) informed me that she did not know any IRS employee or officer named Thomas Cheung.

I explained to her the same thing I'd explained to the main receptionist; that I'd previously met with him at that office and that we'd agreed to this meeting, at this location, just 30 days ago. She then checked a 3-ring binder she had at her work station and confirmed to me that there was no listing for a Thomas Cheung in the LA IRS office.

I explained that I had little faith the IRS would believe I was there if I did not have evidence of my presence in the building and asked for her name. She became upset when I asked for her name. She would not give me her last name or IRS employee number, but gave me the first name of Barbara. For identification's sake, I would describe Barbara is a large and somewhat overweight, dark-skinned black woman, who I would estimate is about 50 years old.

She did however suggest that I "sign in" as evidence that I was there. I signed the "sign in" sheet at approx 11:15AM. Barbara would not provide me with a copy of the "sign in" sheet. But of course my witness was present for all of this.

At that point I left.

The significant aspect of this letter is that I was present at 300 N. Los Angeles Street near the appointed time and made an assertive effort to locate and meet with Thomas Cheung (or whatever his real name is). Three different IRS employees informed me that no such person works at the LA IRS office and that there was no way to pursue the matter further.

I'm sure you will agree that I am not in violation of the court's order. I was where I was supposed to be and made a vigorous effort to locate and meet with Cheung. I cannot be held responsible for the fact the IRS employees do not know who works in the LA office or how to reach the sought after officer.

Sincerely,

Dave Champion

Respondent's Exhibit 2, pg. 2



**OFFICE OF CHIEF COUNSEL**

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
3018 FEDERAL BUILDING
300 N. LOS ANGELES STREET
LOS ANGELES, CALIFORNIA 90012
(213) 894-3027
FAX: (213) 894-6548

CC:SB:8:LA:2:KAMeyer
124163-06

MAY 27 2008

**Via Private Delivery Service (UPS)**

David Champion
2010 West Avenue K#481
Lancaster, CA  93536

David Champion
1031 West Avenue M14, Ste A
Palmdale, CA  93551

Reference: United States of America v. David Champion,
Case Number CV08-01629-PA-JWJ

Dear Mr. Champion:

We are aware that you have filed a notice of appeal of the District Court's April 30, 2008 Order to comply with the IRS summons that was issued and served on you in 2006. Nevertheless, you are still obligated to comply with the court order and meet with the IRS on May 30, 2008, at 10:30 AM, at 300 N. Los Angeles Street, Los Angeles, CA 90012, Room B-122 (Basement), where Mr. Cheung will meet you.

If you have any questions, you may reach me at (213) 894-3027, ext. 162.

Sincerely,

Kathryn A. Meyer
Senior Attorney (Los Angeles, Group 2)
(Small Business/Self Employed)
IRS I.D. No. 95-09311

CC:  T. Cheung

Respondent's Exhibit 1

# CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of thie foregoing

1    Respondent's Notice Of Prior Purgation Of Contempt And Notice Of Motion And Motion For Release From Order And To Dismiss Pursuant To:
FRCP 60(b)
FRCP 12(b)(1)
FRCP 41(b)
Or Alternatively For A Limited Evidentiary Hearing

2 Respondent's Memorandum Of Law In Support Of Notice Of Prior Purgation Of Contempt And Motion For Release From Order And To Dismiss Pursuant To:
FRCP 60(b)
FRCP 12(b)(1)
FRCP 41(b)
Or Alternatively For A Limited Evidentiary Hearing

3 Declaration of David Champion In Support Of Respondent's Motion For Relief From Order And To Dismiss

4 Declaration of Murray Crews In Support Of Respondent's Motion For Relief From Order And To Dismiss

were served upon Thomas P. O'Brien, counsel for Respondent, by mailing a copy thereof, in an envelope, with first class postage thereon fully prepaid, on this the ___th day of August, 2008, properly addressed as follows:

Thomas P. O'Brien
United States Attorney
Tax Division
U. S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044

_____